**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALILA ELIZABETH M. MONTOYA, | No.    20-70572 |
| Petitioner, | Agency No. A073-402-255 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:      FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Dalila Elizabeth M. Montoya, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Montoya's contentions that the agency violated her right to due process in regard to her cancellation of removal application fail. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."). The record does not support Montoya's contentions that the agency failed to sufficiently develop the record, ignored evidence, or otherwise erred in its analysis of her claims. *See Dent v. Holder*, 627 F.3d 365, 373-74 (9th Cir. 2010) (explaining the IJ's duty to fully develop the record when an applicant appears pro se); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

We lack jurisdiction to consider Montoya's due process contentions regarding the IJ's failure to advise and consider Montoya for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

20-70572

As stated in the court's order of April 23, 2020, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

20-70572